IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOREST SERVICE EMPLOYEES ) <br> FOR ENVIRONMENTAL ETHICS; ) <br> ALLEGHENY DEFENSE PROJECT; ) <br> SIERRA CLUB, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES FOREST SERVICE, ) <br> ) <br> ) <br> Defendant. ) | Civil Action No. 08-323 Erie <br><br> Judge Sean J. McLaughlin |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon the Motion for Leave to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure filed by the Pennsylvania Oil and Gas Association and the Allegheny Forest Alliance.

### I. BACKGROUND

In the underlying lawsuit, plaintiffs seek declaratory and injunctive relief against the United States Forest Service under the Administrative Procedure Act, 5 U.S.C. § 701 ("APA"), for alleged violations of the National Environmental Policy Act, 42 U.S.C. § 4321 ("NEPA"). Specifically, the plaintiffs allege in their complaint that the Forest Service violated NEPA by issuing "Notices to Proceed" to various oil and gas companies operating within the boundaries of the Allegheny National Forest ("ANF"). Plaintiffs contend that the Forest Service violated federal law by failing to prepare a "NEPA analysis" in order to determine the impact, if any, that issuing the Notices to Proceed would have on the environment prior to their issuance.

The proposed intervenors in this action are the Pennsylvania Oil and Gas association ("POGAM"), a non-profit trade association consisting of the Commonwealth's independent oil and

1

gas producers, and the Allegheny Forest Alliance ("AFA"), a non-profit coalition of public school districts, municipalities, and businesses with interests affected by the welfare of the ANF. POGAM's membership includes, *inter alia*, corporations, individuals and other business entities that own oil and gas rights within the ANF. (Motion to Intervene, p. 4-5). As an organization, POGAM seeks to maintain an ongoing dialogue with state and federal agencies and commissions in order to ensure that oil and gas operations are not subject to undue regulatory constraints. (Id.) The other proposed intervenor, AFA, seeks to "promote and support sustainable development within the ANF," including sustainable forestry and environmental stewardship. (Id. at 5).

POGAM asserts that many of their members have easements for the use of the surface of the ANF that are dominant to the surface estate, giving those members the right to use the surface to develop oil and gas interests without the additional constraints and burdens that might be imposed upon their claimed estates by the preparation of a NEPA analysis. (Id. at 4). They contend that, because the Forest Service's ownership interest in the ANF is subservient to the mineral and oil rights of their members, the Forest Service lacks the discretion and authority to deny the exercise of mineral and oil rights or to require a NEPA analysis prior to authorizing such activities.

On December 26, 2008, POGAM and AFA filed a motion for leave to intervene pursuant to Federal Rules of Civil Procedure 24(a) and (b). The Forest Service does not oppose the motion. Plaintiffs, however, filed a brief in opposition on February 6, 2009. For the reasons that follow, the motion will be granted.

## II. DISCUSSION

The proposed intervenors seek to intervene in this action based upon Federal Rule of Civil Procedure 24(a)(2), which provides for intervention as a matter of right, and Rule 24(b), which allows for permissive intervention. Rule 24(a)(2) provides in pertinent part:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. Pro. 24(a)(2). The Third Circuit has interpreted Rule 24(a) to require proof of four elements from the party or parties seeking intervention: "first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by the existing parties to the litigation." Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3rd Cir. 1998) (citing, e.g., Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-66 (3rd Cir. 1995)).

Plaintiffs concede that the application for leave to intervene is timely and, implicitly, that the proposed intervenors' interests (if established) would not be adequately represented by the existing parties. Plaintiffs dispute, however, that the proposed intervenors have set forth a direct, concrete, non-remote interest that will be affected by the lawsuit. In determining whether a sufficient interest in the litigation has been alleged, the Third Circuit has explained that:

> [T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated.

Kleissler, 157 F.3d at 972.

In Kleissler, several private entities and environmental protection groups brought suit alleging that the Forest Service had violated statutory requirements in approving two projects that permitted substantial logging activities in the ANF. The plaintiffs requested an injunction halting all logging activity and cancelling or suspending future logging operations in the ANF. Id. at 967. Shortly thereafter, several parties moved to intervene including: school districts who received funds from receipts of logging operations in the forest; timber companies with existing contracts to cut timber in the forest; timber companies with future contracts to cut timber in the forest; timber companies who had no existing contracts to operate in the forest but who generate substantial income from operations therein; and a nonprofit corporation, Allegheny Hardwood, who indicated that many of its members held contracts in the forest or expected to bid on future contracts that might be affected by the litigation. Id. at 968.

After comprehensively reviewing relevant cases from other circuits, the Third Circuit held

3

that each of the proposed intervenors had a sufficient interest in the litigation to compel intervention. Significantly, the Court concluded that the trade association, Allegheny Hardwood, fell "within the category of those trade associations representing threatened businesses granted intervention" in cases such as Sierra Club v. Glickman, 82 F.3d 106, 108 (5th Cir. 1996), and Sierra Club v. Espy, 18 F.3d 1202, 1203 (5th Cir. 1994). In Glickman, the Fifth Circuit allowed a trade association that represented farmers who pumped water from an aquifer for irrigation purposes to intervene in a suit brought by parties seeking to restrict access to the aquifer. Glickman, 82 F.3d at 109. In Espy, the Court permitted two trade groups whose members included several "major purchasers and processors" of timber to intervene in a suit challenging the Forest Service's management practices in Texas forests. Espy, 18 F.3d at 1207. Relying on those decisions, Kleissler concluded that "the interests of the private-party applicants are direct, not remote. In other words, they have more than mere attenuated economic interests . . .". Kleissler, 157 F.3d at 971.

I conclude that the holding in Kleissler governs the instant motion to intervene. As in Kleissler, Glickman and Espy, the private parties that constitute the membership of POGAM and AFA have significantly protectable interests relating to the Plaintiffs' challenge to the Forest Service's management practices. In particular, POGAM's members hold oil and mineral rights underlying the ANF that could be impaired or restricted depending upon the outcome of this litigation. As such, intervention is appropriate.

In their Brief in Opposition to the Motion to Intervene, plaintiffs tacitly acknowledge that some form of intervention by the proposed intervenors would likely be appropriate, but suggest that the intervenors should only be granted limited intervention, rather than full intervention. The limited intervention approach, espoused by the Ninth Circuit in Forest Conservation Council v. United States Forest Service, 66 F.3d 1489 (9th Cir. 1995), restricts the intervenors from participating in the merits portion of the case but allows them to file briefs addressing the issue of remedy. This approach is premised upon Ninth Circuit precedent which has held that since non-federal entities are not bound by the NEPA, full intervention by such parties is not appropriate. By allowing "limited intervention," the Ninth Circuit attempts to balance this principle with the recognition that private parties have interests that would undeniably be affected by the outcome of the litigation. Forest Conservation Council, 66 F.3d at 1499.

The Third Circuit, however, has rejected the Ninth Circuit's conclusion that private parties may not intervene on the merits in NEPA actions:

> These [Ninth Circuit] cases seem to suggest that NEPA suits are *sui generis* because "only the government" can comply with that statute. We are reluctant to endorse a narrow approach that makes the onus of compliance the litmus test for intervention. Such a wooden standard minimizes the flexibility and spirit of Rule 24 as interpreted in Cascade Natural Gas. See Espy, 18 F.3d at 1207 (permitting timber industry organization to intervene as a defendant in a NEPA case against the Service).
>
> The reality is that NEPA cases frequently pit private, state, and federal interests against each other. Rigid rules in such cases contravene a major premise of intervention - the protection of third parties affected by pending litigation. Evenhandedness is of paramount importance.

Kleissler, 157 F.3d at 971-72 (citing Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 133-34 (1967)) (additional internal citations omitted). The Kleissler Court also suggested that the limited intervention approach might be difficult to apply "without unduly attenuating the applicants' interests." Id. at 972. Consistent with Kleissler, I find that intervention on the merits is appropriate here as well.[1]

### IV. CONCLUSION

For the reasons stated above, the Motion for Leave to Intervene is GRANTED.

---

[1] This holding renders moot the proposed intervenors' alternate request for permissive intervention under Rule 24(b). Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1)(B). Even if I were to assume *arguendo* that intervention as a matter of right was not appropriate, I would nonetheless exercise my discretion and grant the intervenors' application for permissive intervention. See, e.g., Kiamichi R.R. v. National Mediation Bd., 986 F.2d 1341, 1345 (10th Cir. 1993).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS; ALLEGHENY DEFENSE PROJECT; SIERRA CLUB, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-323 Erie |
| UNITED STATES FOREST SERVICE, | ) ) ) | Judge Sean J. McLaughlin |
| Defendant. | ) ) | |

## **ORDER**

AND NOW, this 7th day of April, 2009, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Motion for Leave to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure filed by the Pennsylvania Oil and Gas Association and the Allegheny Forest Alliance is hereby GRANTED.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___