# Exhibit 1

SETTLEMENT AGREEMENT

Plaintiffs Forest Service Employees for Environmental Ethics; Allegheny Defense Project; and Sierra Club, and Defendant United States Forest Service (collectively, "the Parties"), by and through their undersigned attorneys, hereby enter into the following Settlement Agreement ("Agreement"), which constitutes a full, complete, and final settlement of all issues in or related to Forest Service Employees for Environmental Ethics v. Forest Service, 1:08-cv-323, filed in the U.S. District Court for the Western District of Pennsylvania:

WHEREAS, Plaintiffs filed a complaint in this case on or about November 20, 2008, and an amended complaint on or about December 4, 2008, challenging the issuance of Notices to Proceed for development of reserved and outstanding oil and gas resources within the Allegheny National Forest ("Forest") without preparation of environmental analyses under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*;

WHEREAS, on November 20, 2008, the date the complaint was filed, 68 applications for development of reserved and outstanding oil and gas resources were pending with the Forest, as follows:

a) 34 had complete applicant information and field surveys underway or completed,

b) 31 lacked some applicant information and remain incomplete, and

c) 3 were located in the areas of concern set forth in paragraph 4 below;

WHEREAS, 20 additional applications were either incomplete or received after November 20, 2008, but have since been substantially completed;

WHEREAS, the Parties believe it is in the interests of judicial economy to avoid litigation of this matter and to avoid diverting limited Agency resources;

RECOGNIZING that in the context of split estates the Forest Service has legal authority to establish reasonable conditions and mitigation measures to protect federal surface resources;

THEREFORE, the Parties hereby agree to the following:

1. Except as provided in paragraph 2, the Forest agrees that it shall undertake appropriate NEPA analysis prior to issuing Notices to Proceed, or any other instrument for authorizing access to and surface occupancy of the Forest for oil and gas projects on split estates including both reserved and outstanding mineral interests. Appropriate NEPA analysis shall consist of the use of a categorical exclusion or the preparation of an Environmental Assessment or an Environmental Impact Statement.

2. Applications listed in Exhibit A are completed or substantially complete and may be processed by issuing Notices to Proceed without further environmental review.

3. Other than the applications listed in Exhibit A, the Forest shall not issue Notices to Proceed for any proposals to develop reserved and outstanding oil and gas resources on the Forest prior to conducting the appropriate NEPA analysis.

4. Nothing in this agreement restricts the right of Plaintiffs to challenge the NEPA analysis for any Notice to Proceed that is not listed on Exhibit A.

5. If the Forest discovers that any of the applications listed in Exhibit A are within the following areas, the Forest shall immediately halt processing of the applications and conduct appropriate NEPA analysis:

    a.    Rimrock area and Morrison area west to the Rimrock Overlook and Picnic Area as identified in Exhibit B;

    b.    the following areas identified in the 2007 Allegheny Forest Plan:

2

      (i) Wilderness Study Areas (Chestnut Ridge, Minister Valley)

      (ii) National Recreation Areas (Allegheny Front, Tracy Ridge)

      (iii) Inventoried Roadless Areas (Allegheny Front, Tracy Ridge, Minister Valley, Chestnut Ridge) and

      (iv) Tionesta Scenic Area and Research Natural Area.

6. The Defendant agrees to pay Plaintiffs' attorneys' fees and costs in the lump sum total of nineteen thousand two hundred twenty one dollars and sixty cents ($19,221.60) in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and/or any other statute and/or common law theory, for all attorneys' fees and costs incurred by Plaintiffs in this litigation.

7. Defendant agrees to submit all the paperwork for the payment of attorneys' fees and costs to the appropriate office within thirty (30) business days after this agreement is filed with the U.S. District Court for the Western District of Pennsylvania and after receiving all the information from Plaintiffs necessary for preparing this paperwork.

8. Plaintiffs agree that receipt of this payment from Defendant shall operate as a release of any and all claims for attorneys' fees and costs that Plaintiffs could have pursued in this matter relating to the litigation or settlement.

9. Defendant's payment, as identified in Paragraph 5 above, shall be accomplished by Defendant making an electronic payment in the settlement amount of $19,221.60 to Plaintiffs' counsel, Marianne Dugan, in accordance with the information provided to Defendant. Plaintiffs agree to send confirmation of the receipt of the payment within 14 days of such payment.

10. Plaintiffs and Plaintiffs' undersigned counsel agree to hold harmless Defendant in any

litigation, further suit, or claim arising from the deposit of the agreed-upon $19,221.60 settlement amount to Plaintiffs through the means identified in Paragraph 8 above.

11. Upon execution of this Agreement the Parties will file a stipulation to dismiss with prejudice <u>Forest Service Employees for Environmental Ethics v. Forest Service</u>, 1:08-cv-323-SJM, filed in the U.S. District Court for the Western District of Pennsylvania.

12. This Agreement includes and embodies the entire terms and conditions of the agreement between the Parties.

13. The terms of this Agreement shall apply exclusively to reserved and outstanding oil and gas resource development on the Allegheny National Forest. The terms have no direct or implied effect on the management of any other National Forest System lands.

14. This Agreement does not represent an admission by any Party to any fact, claim, or defense on any issue in the lawsuit referenced in the preamble to this Agreement.

15. This Agreement has no precedential value and shall not be used as evidence of such in any litigation. The Parties agree not to cite to or refer to this Agreement as legal precedent in any other litigation or administrative proceeding other than the one referenced in the preamble to this Agreement. The Parties' acceptance of the Agreement's terms is not intended to affect or bind their position in any other settlement.

16. Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that the Defendant obligate, commit, or expend funds not appropriated by Congress, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

17. Nothing in this Agreement shall be construed to limit or deny the power of the

federal government to promulgate or amend regulations.

18. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the above terms and conditions of this Agreement and legally to bind the Parties to it.

DATED this 8TH day of April, 2009.

*[signature]*
MARIANNE DUGAN
259 E. 5th Ave., Suite 200-D
Eugene, Oregon 97401-2677
Ph: (541) 338-7072

*[signature]*
TIMOTHY BECHTOLD
317 E. Spruce Street
P.O. Box 7051
Missoula, Montana 59807
Ph: (406) 721-1435

On behalf of Plaintiffs.

DATED this 8th day of ~~March~~ April, 2009.

*[signature]*
RUTH ANN STOREY
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663

5