IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS; ALLEGHENY DEFENSE PROJECT; SIERRA CLUB, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-323 Erie |
| UNITED STATES FOREST SERVICE, | ) ) | Judge Sean J. McLaughlin |
| Defendant, | ) ) ) | |
| v. | ) ) | |
| PENNSYLVANIA OIL AND GAS ASSOCIATION, ALLEGHENY FOREST ALLIANCE, | ) ) ) ) | |
| Intervenor-Defendants. | ) | |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon the Emergency Motion to Stay Settlement filed by the Pennsylvania Oil and Gas Association and the Allegheny Forest Alliance.

**I. BACKGROUND**

On November 20, 2008, Plaintiffs filed a complaint seeking declaratory and injunctive relief against the United States Forest Service under the Administrative Procedure Act, 5 U.S.C. § 701 ("APA"), for alleged violations of the National Environmental Policy Act, 42 U.S.C. § 4321 ("NEPA"). Specifically, the plaintiffs alleged in their complaint that the Forest Service had violated NEPA by issuing "Notices to Proceed" to various oil and gas companies operating within the boundaries of the Allegheny National Forest ("ANF"). Plaintiffs contended that the Forest Service had violated federal law by failing to prepare a "NEPA analysis" in order to determine the impact,

1

if any, that issuing the Notices to Proceed would have on the environment prior to their issuance.

On December 26, 2008, a joint motion for leave to intervene pursuant to Federal Rules of Civil Procedure 24(a) and (b) was filed by the Pennsylvania Oil and Gas association ("POGAM"), a non-profit trade association consisting of the Commonwealth's independent oil and gas producers, and the Allegheny Forest Alliance ("AFA"), a non-profit coalition of public school districts, municipalities, and businesses with interests affected by the welfare of the ANF. A "Proposed Answer" was attached to the motion for leave to intervene. On February 6, 2009, Plaintiffs filed a brief in which they opposed intervention. On April 7, 2009, I granted the motion for leave to intervene and ordered that the proposed intervenors be added as defendants in this action.

On April 9, 2009, the Plaintiffs and Defendant filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and attached a copy of a settlement agreement which purported to resolve all claims between the non-intervenor parties. The date stamp on the electronic receipt on the docket indicates that the stipulation of dismissal was filed at 12:52 P.M. On the same date, April 9, 2009, the Intervenor-Defendants filed and docketed an answer. The electronic receipt for that document indicates that it was filed at 5:28 P.M.

On April 13, 2009, the Intervenor-Defendants filed the instant motion, styled an "Emergency Motion to Stay Settlement." In the motion, the Intervenor-Defendants argued that the stipulation of dismissal was invalid because it had not been signed by the Intervenor-Defendants despite those parties having been added to the action prior to the stipulation. In their briefs in opposition, filed on April 15, 2009, Plaintiffs and Defendant opposed the motion to stay on the ground that a plaintiff may voluntarily dismiss an action pursuant to Rule 41(a)(1)(A) at any time prior to the filing of an answer or a motion for summary judgment without permission of the court or consent of the other parties. At an oral hearing conducted on April 17, 2008, Plaintiffs alternately moved for voluntary dismissal pursuant to Rule 41(a)(2). For the reasons that follow, I find that dismissal is appropriate and, consequently, the Intervenor-Defendants' motion to stay will be denied.

## II. DISCUSSION

Rule 41(a)(1)(A) provides two methods for the termination of an action without order of the

2

court. Subsection 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action by "notice of dismissal" if the opposing party has not served an answer or a motion for summary judgment:

> **Rule 41. Dismissal of Actions**
>
> **(a) Voluntary Dismissal**
>
> (1) *By the plaintiff*
>
> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . .

See Rule 41(a)(1)(A)(i). Rule 41(a)(1)(A)(ii) allows the parties to terminate an action after an answer has been filed by entering "a stipulation of dismissal signed by all parties who have appeared." Here, Plaintiff and Defendant attempted to voluntarily dismiss this action by filing a document styled a "Stipulation of Dismissal" on April 8, 2009. The stipulation of dismissal states that:

> Pursuant to Fed. R. Civ. R. [sic] 41(a)(1)(A), the Forest Service Employees for Environmental Ethics, the Allegheny Defense Project and the Sierra Club (Plaintiffs) and the U.S. Forest Service (Defendant) stipulate to dismissal with prejudice of all claims in Plaintiffs' Amended Complaint (dkt. 7). Plaintiffs and Defendant have settled those claims under the terms of the attached settlement agreement.

The proposed stipulation did not indicate under which subsection of Rule 41(a)(1)(A) the parties sought dismissal. Although dismissal pursuant to Rule 41(a)(1)(A)(i) would have been appropriate, as the Intervenor-Defendants had not yet filed an answer, it is evident, in my view, that the parties attempted to dismiss pursuant to Rule 41(a)(1)(A)(ii). The proposed dismissal contains the signature of counsel for both Plaintiffs and Defendant, a formality relevant only to stipulated dismissal pursuant to subsection (ii). The document is styled a "stipulation of dismissal," echoing the language of that subsection, and was filed with the court by *defense* counsel. In contrast, a voluntary dismissal pursuant to subsection (i) must be initiated by the plaintiff. See Rule 41(a)(1)(A)(i) (a "*plaintiff* may dismiss an action . . . by filing a *notice of dismissal*.") (emphasis

added). I thus conclude that the stipulation of dismissal must be reviewed pursuant to the requirements of Rule 41(a)(1)(A)(ii).

Significantly, dismissal pursuant to Rule 41(a)(1)(A)(ii) requires the signature of all parties to the action. See, e.g., Humane Society v. Merriam, 2007 WL 333309, *1 (D. Minn. 2007). This requirement applies equally to parties who have intervened in the original action. See Wheeler v. American Home Prods Corp. (Boyle-Midway Div.), 582 F.2d 891, 896 (5th Cir. 1977) ("The District Court dismissed this action, including the claims of the [plaintiff] intervenors, on the basis of a stipulation between the original parties. This could not properly be done."). This is because, "once intervention has been allowed, the original parties may not stipulate away the rights of the intervener." Id. (citing 3B Moore's Federal Practice (2nd ed.) 24-671, 672). I granted the Intervenor-Defendants' motion to intervene on April 7, 2009, two days before the stipulation of dismissal was filed. However, Plaintiff and Defendant did not obtain the signature of the Intervenor-Defendants in conjunction with the stipulation of dismissal. Thus, dismissal pursuant to Rule 41(a)(1)(A)(ii) could not be effectuated.

Alternatively, Plaintiffs request dismissal pursuant to Rule 41(a)(2). This provision provides for voluntary dismissal by order of the court as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Id. Disposition of a motion for voluntary dismissal is within the sound discretion of the court. See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products, 85 Fed.Appx. 845, 847 (3rd Cir. 1004) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3rd Cir.1974)). "[D]ismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party." See 9 Wright & Miller § 2364 (2009). "The Third Circuit has characterized its practice for granting or denying Rule 41(a)(2) dismissals as a 'liberal' one." 9 Wright & Miller § 2364 n. 42 (citing In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 863 (3rd Cir.1990) (noting that dismissal "should be allowed unless the defendant will suffer some plain legal prejudice other

4

than the mere prospect of a second lawsuit.")).

The Intervenor-Defendants assert that they will suffer prejudice in two ways if the action is dismissed. They first argue that the settlement agreement is unlawful in that it represents an abuse of the Forest Service's discretion. They contend that they will be unable to challenge the legality of the settlement agreement in a subsequent lawsuit without being subjected to additional defenses, including the failure to exhaust administrative remedies. The Intervenor-Defendants also suggest that they will suffer economic harm from the delay that might result from having to challenge the legality of the settlement agreement in a separate lawsuit.

I begin my analysis by noting the well-established principle that federal courts "have neither the authority nor the resources to review and approve the settlement of every case brought in the federal court system." Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 835 (3rd Cir. 1995). Such approval is generally restricted to select case categories, such as class actions, shareholder derivative suits and consent decrees. Id. Here, the parties to the settlement have not presented the court with a proposed consent decree or asked that it retain jurisdiction over the settlement agreement. In such situations, "[t]he general rule of law . . . is that settling parties retain the autonomy to fashion their own settlement terms free from the interference of the Court and non-settling parties." Collins v. Coastline Const., 820 F.Supp. 270, 273 (E.D. La.1993) (citing Bass v. Phoenix Seadrill/78, Ltd., 749 F.2d 1154, 1161 n. 11 (5th Cir.1985)).

In evaluating whether a non-settling party is prejudiced by a proposed settlement in the Rule 41(a)(2) context, it is legal prejudice "*from the dismissal of the suit*" that we consider, rather than "the alleged illegality of the settlement agreement that motivated the motion." SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc., 261 F.Supp.2d 1002, 1006-07 (N.D. Ill. 2003) (emphasis in original). Formal legal prejudice occurs where a nonsettling defendant is "strip[ped] of a legal claim or cause of action," Alumax Mill Prods., Inc. v. Congress Fin. Corp., 912 F.2d 996, 1001-02 (8th Cir. 1990), or where the agreement restricts his right to seek indemnification or contribution, Agretti v. ANR Freight Sys., Inc., 982 F.2d 242, 247 (7th Cir. 1992). As such, legal prejudice is most

commonly found where the settlement attempts to thwart a specific legal right of the nonsettling party, such as "a partial settlement which purports to strip [a nonsettling defendant] of a legal claim or cause of action . . .; a settlement that invalidates the contract rights of one not participating in the settlement . . .;[or where] the proposed settlement would eliminate [a nonsettling defendant's] right to assert an *in pari delicto* defense." SmithKline, 261 F.Supp.2d at 1006-07 (citing Waller v. Financial Corp. of America, 828 F.2d 579, 582-83 (9th Cir. 1987)).

Conversely, a "showing of injury in fact, such as the prospect of a second lawsuit or the creation of a tactical advantage, is insufficient" to meet the standard. Bragg v. Robertson, 54 F.Supp.2d 653, 664 (S.D. W.V. 1999) (quoting Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1983)) (noting that this standard properly balances the law's encouragement of settlements with the court's duty to protect the rights of the parties before it). In SmithKline, the district court specifically rejected the contention that the alleged illegality of a settlement agreement constituted the type of legal prejudice contemplated by Rule 41(a)(2):

> Asahi acknowledges that only harm to a nonconsenting party is a permissible ground for the court's refusing to grant a plaintiff's motion to dismiss without imposing conditions. For it states that "the party opposing the motion to dismiss must demonstrate 'plain legal prejudice' as a potential result of the dismissal" and that "the determination of 'plain legal prejudice' involves evaluating the effect of the settlement on the nonmoving party's legal rights." But inconsistently it bases its opposition to SmithKline's motion to dismiss not on any such "plain legal prejudice" *from the dismissal of the suit* but on the alleged illegality of the settlement agreement that motivated the motion. A nonparty to a settlement agreement no more has standing to challenge the legality of the agreement than a nonparty to any other contract would have, Agretti v. ANR Freight System, Inc., *supra*, 982 F.2d at 246-48 - unless he is hurt by the agreement. Even then there is a question whether Rule 41(a)(2) is the proper vehicle for such a challenge.

Id. (emphasis in original). See also New Mexico ex rel. Energy and Minerals Dep't v. U.S. Dep't of Interior, 820 F.2d 441, 445 (D.C. Cir. 1987) (holding that a Navajo Tribe's challenge to the legality of a settlement agreement and stipulation of dismissal between the Secretary of the Interior and the State of New Mexico did not prejudice the Tribe because they could raise their legal objections in subsequent litigation).

After thoroughly reviewing the briefs filed by the parties and the positions taken during oral argument, I find no legal prejudice to the Intervenor-Defendants by allowing Plaintiffs to voluntarily dismiss this action. There is no impediment to the Intervenor-Defendants or, for that matter, any other party with standing, to challenge the settlement agreement as an allegedly unlawful exercise of the Forest Service's discretion in a subsequent lawsuit. The legal claims or contentions of the Intervenor-Defendants are in no way foreclosed by allowing the dismissal of this action. While the Intervenor-Defendants suggest that they will be subject to additional procedural defenses should they be forced to maintain their claims in a separate action, this argument is speculative. In any event, as the Forest Service pointed out at oral argument, any affirmative defenses that could be properly asserted in defense of a subsequent lawsuit could be asserted in the present action if this case survived. I also note, although it is not germane to the legal prejudice analysis, that a challenge to the settlement agreement in a separate lawsuit will not result in any appreciable delay.

### III. CONCLUSION

I conclude that the Intervenor-Defendants have failed to demonstrate that they will suffer legal prejudice by the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(2). As such, the emergency motion to stay the settlement is denied and the action is dismissed. In so doing, the court expresses no opinion whatsoever on the merits of the underlying dispute.[1]

---

[1] Given the Court's disposition, the motion to intervene filed by the County of Warren is denied as moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS; ALLEGHENY DEFENSE PROJECT; SIERRA CLUB, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-323 Erie |
| UNITED STATES FOREST SERVICE, | ) ) | Judge Sean J. McLaughlin |
| Defendant, | ) ) | |
| v. | ) ) | |
| PENNSYLVANIA OIL AND GAS ASSOCIATION, ALLEGHENY FOREST ALLIANCE, | ) ) ) ) | |
| Intervenor-Defendants. | ) | |

## ORDER

AND NOW, this 12th day of May, 2009, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Emergency Motion to Stay filed by the Pennsylvania Oil and Gas Association and the Allegheny Forest Alliance is DENIED. This action is DISMISSED.

                                                         /s/ Sean J. McLaughlin
                                                         United States District Judge

cm: All parties of record. ___